Gilbert, J.
The defendants move to dissolve an injunction granted by the county judge of Suffolk, whereby they are restrained from constructing an embankment across a pond, or damming the brook Penatequit in the town of Islip, from which the plaintiff derives the supply of water for turning, his mill. The-plaintiff is a lessee of the land on which the mill is erected, together with the right, title and interest of the lessor in the brook and the dam, and privilege of ponding other lands of the lessor, and the use of the water for the purpose of erecting and sustaining a grist-mill. The lease was made in 1843, for the term of twenty years, with a right of renewal for a further term of twenty years, which right has been duly confirmed. The plaintiff and those under whom he claims have been in the enjoyment of the rights and privileges granted by this lease, since 1843.
The defendants are a corporation duly created under the general-railroad act of this State, and the wrong complained of is the erection of an embankment for their roadway. upon land over which they have duly acquired a right of way. . The plaintiff alleges that the effect of erecting said embankment will be to reduce the area of the pond, diminish its capacity for holding water, and choke up the springs underneath and adjacent to the embankment, which supply the pond, whereby the volume of water will be diminished; and that by these means the plaintiff will be subjected "to great and irreparable injury. "The plaintiff supports these allegations by evidence that the embankment, although only partially constructed, has already *417 injured his mill. The defendants, on the contrary, furnish evidence that they have not interrupted, and do not intend to interrupt, the natural flow of water in said brook 5 but that they have an arch or water way where the stream is intersected, sufficient to.pass a stream many times greater than said brook, and that the construction of the embankment will not in any wise injure the "plaintiff.
The jurisdiction of courts of equity in cases like this is unquestionable. It springs from the necessity, of a preventive remedy where material injury is threatened, but the exercise of the power of interference by injunction rests in the sound discretion of the court, and the granting or withholding of it depends on the nature of the case, and the injunction should-not issue when 'the rights asserted by the plaintiff are indefinite or uncertain, or when any doubt exists of a clear and palpable violation of them by defendants (Eden on Inj., 2,619, and cases cited; 2 Story's Eq., § 925).
The right of the plaintiff is an easement, and is appertenant to his mill property. It consists of the right to collect the water flowing in the channel of the brook in a pond across the lands of his lessor above his mill, and to use them for the par-. pose of running his mill. This burden of servitude was annexed to the lands of. the plaintiff embraced in the pond, and the defendants, upon the evidence before me, in their capacity of private owner, must be deemed to have acquired their roadway in subjection to this easement, or servitude (Lampman v. Milks, 21 N. Y., 505). But the general railroad act authorizes the defendants to construct their road across or upon the stream in question, and requires them to restore the stream to its former state, or to such state as not unnecessarily to have impaired its usefulness (Laws of 1850, p. 21, § 28, subd. 5). If then the legislature had the power to confer this authority upon the defendants, the plaintiff cannot complain, because the acts of the defendants were done under legislative sanction, and not unnecessarily, to impair the usefulness of- the stream.
The question, therefore, is whether the acts of the defendants óf which the plaintiff complains constitute a taking of his property within the meaning of the provision of the constitution which requires compensation to be made for private property taken for public use. Whatever views I might entertain *418 of this question if it were new, I am satisfied it is no longer an open one in this State, but has been settled by repeated adjudication of its highest court of Radcliff v. The Mayor, &c. of Brooklyn (4 N. Y. [4 Comst.], 195); Gould v. Hudson Railroad Company (6 N. Y., [2 Seld.], 522; Bellinger v. New York Central Railroad Company (23 N. Y., 42); Corey v. The Buffalo, &c. Railroad Company (23 Barb., 482). These cases establish the principle that the legislature may rightfully authorize the construction of railroads or other works of a public nature without requiring compensation to be made to persons whose property has not been actually taken or appropriated for the use thereof, but who may, nevertheless, suffer indirect or consequential damages by the construction- of such works. ' '
The_ case is clearly within the principle stated. What property of the plaintiff has been taken, or appropriated by or for the use of the defendants? Bone whatever. He may Miffer an injury by having the easement or servitude with which the estate of his lessor, and the roadway of the defendants are burdened, impaired. But this is an injury which the property of the plaintiff suffers in consequence of the construction of a public work under legal authority, and not the taking of his property. Such loss has always been considered damnum absque injuria (Vide remarks of Denio, J., 23 N. Y., 48),
The motion to dissolve the injunction must be granted, with $10 costs.